AUG. TERM
1835.
Burton
v.
Martin.

------ ✧✳✧ ------

## WOODSON A. BURTON vs. JAMES L. MARTIN.

1. Action of assumpsit—plea gen. Is. and set off—matters referred to arbitrators who awarded that defd. should pay plff. a sum of money (below the jurisdiction of the court) and the costs of suit.
2. Per curiam.—the statute regulating arbitrations and references, al- lows the plf. in this case his costs.
3. The act regulating set off would also allow the plff. his costs.

Error to the circuit court of Montgomery county.

Opinion delivered by TOMPKINS, J.*

Burton brought his action of assumpsit against Martin in the circuit court for money advanced, work and labor done &c. Martin pleaded the general issue and gave notice of a set off. The cause was submitted to arbitra- tion. The arbitrators awarded that Martin pay to Bur- ton seventeen dollars five and a half cents and the costs of the suit. Each party had furnished a bill of particu- lars. The court entered up judgment against Martin for the sum of seventeen dollars five and a half cents, but decided that Burton having his demand reduced below the jurisdiction of the court should pay the costs.

To reverse this judgment, Burton prosecutes his writ of error.

Action of assump- sit—plea gen. Iss. and set off—mat- ters refered to ar- bitrators who a- warded that defd. should pay plff. a sum of money (below the juris- diction of the court) and the costs of suit.

* Wash Judge, absent.

AUG. TERM
1835.

Burton
v.
Martin.

Per curiam,—The statute regulating arbitrations and references, allows the plff. in this case his costs.

The act regulating set off would also allow the plff. his costs.

The plaintiff in error insists—1st, That the award is to be taken altogether, and cannot be received in part and set aside in part. In such case the costs being $33, 91½ cents, the amount of costs and damages will be a sum within the jurisdiction of the court.

2nd, But if it be the opinion of the court that the arbitrators had no right to dispose of the question of costs, still the demand of the plaintiff being reduced by the demand of the defendant's set off against it; he is entitled to his costs in as much as he could not know that the defendant would set off his demand. This case is expressly provided for by the statute regulating arbitrations and references.

That statute provides that persons desirous to end any dispute or controversy by arbitration, may agree that their submission to arbitration shall be made a rule of the circuit court &c., or such persons desirous to end such dispute or controversy as aforesaid, may personally appear before the circuit court and acknowledge that they have mutually agreed to refer all their matters of difference, or any particular dispute to the arbitrament of certain persons &c.—and in either of the above cases, when the award shall be for the payment of money only, the same being returned into and accepted by the court, judgment shall be rendered thereon for the party in whose favor the award is made, to recover the sum awarded, to be paid to him, together with the costs of the arbitration, and the costs of court and execution may issue thereon accordingly. See Digest p. 137.

We should not however have any doubt of the propriety of allowing the plaintiff his costs, even if this provision had not been made. For although the act regulating set off, provides for allowing costs to the defendant only, yet this very provision is evidence of the legislative will that the successful party should have costs be the amount recovered what it may. A set off is a cross action; the plaintiff by the general law of the land recovers costs when he obtains judgment, and the act having made the defendant, by allowing him to set off, a quasi plaintiff created by the law, very properly allows him costs without regard to the amount recovered, because his demand, although it might have been very large, may have been reduced below the jurisdiction of the court by the deduction of the plaintiffs demand. There is no reason to believe that the condition of the plaintiff in case his demand be reduced below the jurisdiction of the court was intended by the legislature to be worse than that of the defend-

ant. The act regulating set off is a remedial act, calculated to diminish litigation. Before that act the defendant, who had mutual demands against the plaintiff was forced to go into a court of equity to have his demand set off, or he must submit to pay the plaintiff's demand, and resort to an action against the plaintiff to recover his own. And now if the plaintiff even knew the amount of the defendant's demand, he cannot compel him to come in and set off. To subject him then to the payment of costs, because his demand is reduced below the jurisdiction of the circuit court, would be manifestly unjust. The eleventh section of the act concerning costs, does not in our opinion apply to the cases when a set off is pleaded and proved. Had however this cause been tried before the circuit court, and come up to this court in its present condition, without any bill of exceptions, we would have presumed that no set off was proved, and therefore have affirmed the judgment of that court; but as the evidence was all given before arbitrators, and the circuit court had no legal means of knowing it, we would, under the provisions of the act regulating set off alone, be disposed to reverse its judgment. But the act regulating arbitrations and references above cited, settles the plaintiff's right to costs, without resorting to what we believe to be the proper construction of the act regulating set off.

The judgment of the circuit court is therefore reversed, and this court proceeding to give such judgment as the circuit court should have done, order that the plaintiff have judgment for the damages awarded him by the arbitrators, together with the costs of arbitration and the costs of the court.